IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MONTGOMERY WARD, L.L.C., | ) | Case No. 00-4667 (KG) |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 6602, 6603, |
| | ) | 6606, 6610 and 6614 |

**STATEMENT OF ISSUES ON CROSS-APPEAL AND DESIGNATION
OF RECORD OF DIKA-WARD, L.L.C.**

DIKA-WARD, L.L.C. (Dika-Ward),[1] by and through its Attorneys, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, submits the following statement of issues to be presented in connection with the cross-appeal of Dika-Ward from that portion of the Memorandum Opinion and Order, each dated March 12, 2008 [Docket Nos. 6602 and 6603, respectively] (collectively, the "Orders"), holding that 1) the legal, equitable and/or contractual rights of Debtors and State Farm under the Note and Mortgage are unchanged by the Ward I Confirmation Order, Ward I Stipulation and Section 1111(b) of the Bankruptcy Code; 2) the Mortgage and the Note remain non-recourse as to Debtors; and 3) all claims for CAM arising from the Lease and Sublease Agreement and related transactions were satisfied, waived, released or disallowed, and designates the following items to be included in the record on appeal.

---

[1] Underlined terms are as defined in the Memorandum Opinion dated March 12, 2008.

## I. STATEMENT OF ISSUES ON APPEAL

Pursuant to Bankruptcy Rule 8006 the following issues are presented by the Cross-Appeal of Dika-Ward:[2]

1. Did the Bankruptcy Court err in holding that the legal, equitable and/or contractual rights of <u>Debtors</u> and <u>State Farm</u> under the <u>Note</u> and <u>Mortgage</u> are unchanged by the <u>Ward I Confirmation Order, Ward I Stipulation</u> and Section 1111(b) of the Bankruptcy Code?

2. Did the Bankruptcy Court err in holding that the <u>Mortgage</u> and the <u>Note</u> remain non-recourse as to <u>Debtors</u>?

3. Did the Bankruptcy Court err in holding that all claims for <u>CAM</u> arising from the <u>Lease and Sublease Agreement</u> and related transactions were satisfied, waived, released or disallowed?

---

[2] Dika-Ward reserves the right to amend, for any reason, this Statement of Issues on Appeal and this Designation of the Record.

## II. DESIGNATION OF RECORD

Dika-Ward hereby designates the following items to be included in the record on appeal:[3]

Annexed hereto as **Exhibit 1** is a true and correct copy of the Affidavit of Marshall N. Dickler.

Annexed hereto as **Exhibit 2** is a true and correct copy of the Evidence of Transfer of State Farm Claim and Jolward Claim.

Annexed hereto as **Exhibit 3** is a true and correct copy of the Development Corp. (Ward I) Relevant Portion of Schedule D.

Annexed hereto as **Exhibit 4** is a true and correct copy of the Development Corp. (Ward I) Relevant Portion of Schedule G.

Annexed hereto as **Exhibit 5** is a true and correct copy of the State Farm Proof of Claim Filed in Ward I.

---

[3]Due to their voluminous nature, the exhibits are not being electronically filed with the Court but will be delivered to the Clerk of Bankruptcy Court for transmission to the District Court.

Annexed hereto as **Exhibit 6** is a true and correct copy of the State Farm Proof of Claim Filed in Ward I.

Annexed hereto as **Exhibit 7** is a true and correct copy of Paragraph 7.04 of Ward I Plan.

Annexed hereto as **Exhibit 8** is a true and correct copy of Pages 40-41 of Schedule 701(f) of Ward I Plan Supplement.

Annexed hereto as **Exhibit 9** is a true and correct copy of the Ward I Confirmation Order.

Annexed hereto as **Exhibit 10** is a true and correct copy of the Ward I Stipulation.

Annexed hereto as **Exhibit 11** is a true and correct copy of the Relevant Portion of Eighth Verified Motion.

Annexed hereto as **Exhibit 12** is a true and correct copy of the Original Objection to State Farm Claim in Ward II.

Annexed hereto as **Exhibit 13** is a true and correct copy of the Supplemental Objection.

Annexed hereto as **Exhibit 14** is a true and correct copy of the Ward II Confirmation Order.

Annexed hereto as **Exhibit 15** is a true and correct copy of the State Farm Claim.

Annexed hereto as **Exhibit 16** is a true and correct copy of the Dika-Ward Response to Original Objection to State Farm Claim in Ward II.

Annexed hereto as **Exhibit 17** is a true and correct copy of the Ward II Stipulation.

Annexed hereto as **Exhibit 18** is a true and correct copy of the Original Jolward Proof of Claim.

Annexed hereto as **Exhibit 19** is a true and correct copy of the Request for Payment.

Annexed hereto as **Exhibit 20** is a true and correct copy of the Original Objection to Jolward Claim in Ward II.

Annexed hereto as **Exhibit 21** is a true and correct copy of the Dika-Ward Response to Original Objection to Jolward Claim in Ward II.

Annexed hereto as **Exhibit 22** is a true and correct copy of Paragraph 10.01 of Ward I Plan.

Annexed hereto as **Exhibit 23** is a true and correct copy of the Notice of Cross-Appeal of Dika-Ward, L.L.C. from the Order and Memorandum Opinion Dated March 12, 2008 Granting in Part the Motion of the Plan Administrator for Montgomery Ward, L.L.C., et al. for Summary Judgment and Denying in Part the Motion of Dika-Ward, L.L.C. for Summary Judgment.

                                    Respectfully submitted,

Dated: April 4, 2008        FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
Steven G. Weiler (No. 4934)
824 Market Street, Ste. 904
Wilmington, DE 19801
(302)575-1555

-and-

CRANE, HEYMAN, SIMON,
WELCH & CLAR
David K. Welch, Esq.
Arthur G. Simon, Esq.
Glenn Heyman, Esq.
135 S. LaSalle, Ste. 3705
Chicago, IL 60603
(312) 641-6777

-and-

NEAL & LEROY, LLC
Thomas W. Goedert, Esq.
Bradley A. Smith, Esq.
203 N. LaSalle, Ste. 2300
Chicago, IL 60601
(312) 641-7144

Co-Counsel for Dika-Ward, L.L.C.